UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK PARKER,

    Plaintiff,

v.   Case No: 8:23-cv-758-JLB-JSS

CATCHES RESTAURANT, LLC,
TIMOTHY LOWE, MICHAEL
LOWE, SCOTT LOWE, JEFFREY
LOWE and CAPTAIN JACKS OF
TARPON, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The parties jointly move for approval of their settlement agreements in this action. (Motion, Dkt. 22.) Upon consideration, the court recommends that the settlement agreements be approved and this case be dismissed with prejudice.

## BACKGROUND

On April 6, 2023, Plaintiff Erik Parker filed a collective action complaint against Defendants, on behalf of himself and all others similarly situated, for alleged unpaid wages compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (Dkt. 1.) Parker then filed notices of consent to join for opt-in Plaintiffs Hector Lopez, Joseph Musick, and Christopher Raia. (Dkts. 13, 14.) On October 30, 2023, the parties jointly moved for approval of their FLSA settlement agreements and attached the agreements between Defendants and each of the four Plaintiffs. (Dkt.

22.) Upon review of the Motion, the court directed the parties to provide the court with their separate settlement agreements, which, according to the parties, settled "all other viable claims as relates to the parties' employment with Defendants" unrelated to Plaintiffs' FLSA claims. (Dkt. 23); *see* (Dkt. 22 at 3.) Plaintiffs thereafter filed the separate settlement agreements (Dkt. 24), and the court held a hearing on the Motion on January 16, 2024 (Dkt. 26).

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

### A. FLSA Settlement Agreements

This matter involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 22 at 2.) Plaintiffs allege that they worked in various positions at Defendants' restaurants and that Defendants did not properly compensate them for overtime wages as required by the FLSA. (Dkt. 1 ¶¶ 1, 9–30, 35–57.) Defendants dispute these allegations and offer defenses to Plaintiffs' claims. (Dkt. 22 at 2; Dkt. 6.) The court therefore finds there to be a bona fide dispute between the parties.

In support of the Motion, the parties submit proposed settlement agreements between Defendants and each Plaintiff. *See* (Dkt. 22 at 9–23.) Under the proposed settlement agreements, Defendants have agreed to pay Plaintiffs as follows:

- Erik Parker - $4,500, consisting of $2,250 in unpaid wages and $2,250 in liquidated damages. (*Id.* at 10.)

- Joseph Musick - $24,000, consisting of $12,000 in unpaid wages and $12,000 in liquidated damages. (*Id.* at 14.)

- Christopher Raia - $9,000, consisting of $4,500 in unpaid wages and $4,500 in liquidated damages. (*Id.* at 18.)

- Hector Lopez - $3,000, consisting of $1,500 in unpaid wages and $1,500 in liquidated damages. (*Id.* at 22.)

The parties represent that the figures in their settlement agreements "were settled upon after several hours of good faith negotiation" during mediation and negotiations over several weeks following mediation. (*Id.* at 2–3.) Specifically, the parties state that the negotiations involved discussions of "Plaintiffs' alleged unpaid overtime wages based on all of Plaintiffs' claims and Defendants' denial of the same and defenses thereto" and the exchange of documentation to support those claims and defenses. (*Id* at 5.)[1] "[B]ased on their independent analyses of the facts of the matter[,] [t]he [p]arties voluntarily agreed to the terms of their settlement after extended negotiations following mediation." (*Id.*) Upon consideration, the court finds the amounts for each Plaintiff in the proposed settlement agreements to be a fair and reasonable resolution of the parties' bona fide dispute. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352–53; *see also Rodriguez v. Ramco Protective of Orlando, Inc.*, No. 2:21-cv-616-JLB-MRM, 2022 WL 3136792, at *3 (M.D. Fla. Jan. 7, 2022) (finding "the monetary terms of the settlement to be fair and reasonable under the circumstances of this case given the parties' description of the highly disputed factual issues and the inherent risk that Plaintiff might not recover anything if this case were to go to trial."), *report and recommendation adopted,* 2022 WL 3136802 (M.D. Fla. Jan. 31, 2022).

---

[1] In their answers to the court's interrogatories, Parker sought $3,160.27 in unpaid wages plus an equal amount of liquidated damages (Dkt. 18 at 2); Musick sought $18,995.13 in unpaid wages plus an equal amount of liquidated damages (Dkt. 17 at 2); Raia sought $6,459.60 in unpaid wages plus an equal amount of liquidated damages (Dkt. 19 at 2); and Lopez sought $1,606.91 in unpaid wages plus an equal amount of liquidated damages (Dkt. 16 at 2).

Pursuant to the settlement agreements, Defendants have also agreed to pay $8,000 to Plaintiffs' counsel, Squires & Ryan, PLLC.  *See* (Dkt. 22 at 10, 14, 18, 22.) In FLSA cases, the court is required to review the reasonableness of counsel's fee to ensure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  However, if the matter of attorneys' fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees.  *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-Orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same).

Upon consideration, the court finds the agreed-upon requested fees and costs to be reasonable.  The parties agree as to the reasonableness of the fees and costs and that the amount was "negotiated and settled . . . separate from, and without regard to, the amount of wages Plaintiff[s are] receiving" and that "there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement."  (Dkt. 22 at 3.)  This is sufficient to establish the reasonableness of fees paid to Plaintiffs' counsel and that Plaintiffs' recovery was not adversely affected by the amount of fees paid to Plaintiffs' counsel.  *See Bonetti*, 715 F. Supp. 2d at 1228; *Garza v. St. Surin*, No.

2:20-cv-49-JLB-MRM, 2022 WL 207186, at *5 (M.D. Fla. Jan. 2, 2022) ("The Undersigned finds, therefore, that the parties agreed upon the attorney's fees without compromising the amount paid to Plaintiffs and that the amount of fees appears fair and reasonable given the procedural posture of this case."), *report and recommendation adopted,* 2022 WL 204305 (M.D. Fla. Jan. 24, 2022).

### B. Non-FLSA Settlement Agreements

In the Motion, the parties represent that they have "settled all other viable claims as relates to the parties' employment with Defendants, which were resolved pursuant to a separate agreement unrelated to the FLSA claims that are the subject of this Motion." (Dkt. 22 at 3.) In response to the court's order (Dkt. 23), the parties submitted the additional settlement agreements for the court's review. *See* (Dkts. 24, 24-1, 24-2, 24-3, 24-4.) The separate agreements include general releases in which each Plaintiff agrees "[t]o settle any and all claims and actions of any nature or description whatsoever, known or unknown, matured or un-matured" and to "release and forever discharge" Defendants from "any claims or actions arising from" each Plaintiff's employment and separation with Defendants "arising from any alleged violation of any and all federal, state or local laws, common law, rules, regulations and any authority whatsoever." *See* (Dkts. 24-1 at 1, 24-2 at 1, 24-3 at 1, 24-4 at 1.) The separate agreements further contain confidentiality provisions, under which Plaintiffs may not disclose the contents of the agreements, and non-disparagement

- 6 -

clauses, whereby Plaintiffs agree not to "make any knowingly, intentionally, or maliciously false statements" about Defendants. *See, e.g.*, (Dkt. 24-1 at 4.)

"Ordinarily, a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee is not permitted under the FLSA, as it potentially confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee." *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (citing *Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (internal quotations omitted); *see also Garza v. St. Surin*, No. 2:20-cv-49-JLB-MRM, 2022 WL 207186, at *5 (M.D. Fla. Jan. 2, 2022), *report and recommendation adopted,* 2022 WL 204305 (M.D. Fla. Jan. 24, 2022). "However, if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible." *Weldon*, 2014 WL 4385593, at *1 (citing *Caamal v. Shelter Mortg. Co.,* 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013); *see also Irizarry v. Percepta, LLC*, No. 6:12-cv-1141-Orl-37KRS, 2013 WL 12388551, at *2 (M.D. Fla. June 20, 2013) ("A number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that were beyond the FLSA claim."), *report and recommendation adopted sub nom. Irrizzary v. Percepta, LLC.*, 2013 WL 12388550 (M.D. Fla. July 10, 2013). Like general releases, courts have approved confidentiality provisions and non-

disparagement clauses in FLSA settlements "in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims." *Weldon*, 2014 WL 4385593, at *4 (collecting cases); *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016) (collecting cases), *report and recommendation adopted,* 2016 WL 5146318 (M.D. Fla. Sept. 21, 2016); *see also Smith v. Aramark Corp.*, No., 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014) (permitting general release provision, as well as the confidentiality and non-disparagement clauses, to remain in the FLSA settlement agreement since they were supported by separate consideration).

Here, in consideration for these separate agreements and the waiver of their rights as outlined above, each Plaintiff agreed to a lump sum payment to be made to their counsel, Squires & Ryan, PLLC. For example, Mr. Parker agreed to a payment of $5,500 to Squires & Ryan (Dkt. 24-1 at 6), and Mr. Musick, Mr. Raia, and Mr. Lopez each agreed to a $2,000 payment to Squires & Ryan (Dkts. 24-2 at 6, 24-3 at 6, 24-4 at 6). At the hearing, Plaintiffs' counsel represented that pursuant to a separate contingency fee agreement between Plaintiffs and their counsel, each Plaintiff will receive 60% of the funds paid to Plaintiffs' counsel as part of the separate settlement agreements ($3,300 to Mr. Parker and $1,200 each to Mr. Musick, Mr. Raia, and Mr. Lopez). Plaintiffs' counsel also represented that $100 of that 60% was specifically in consideration for Plaintiffs' general release of claims against Defendants.

Accordingly, because these separate settlement agreements, including their general releases, confidentiality provisions, and non-disparagement clauses, are supported by independent consideration in addition to the FLSA settlement amounts, the court recommends that these separate agreements are permissible. *See, e.g.*, *Weldon*, 2014 WL 4385593, at *4; *Wyndham Vacation Ownership, Inc. v. Miloszewski*, No. 6:14-cv-68-Orl-40KRS, 2014 WL 5472454, at *3 n.4 (M.D. Fla. Oct. 22, 2014) (approving separate settlement agreement containing general release where it appeared plaintiff "will receive some portion of this payment as separate consideration for her general release").

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. The Joint Motion for Approval of Settlement (Dkt. 22) be **GRANTED**.
2. The FLSA Settlement Agreements (Dkt. 22 at 8–23) be **APPROVED**.
3. The action be **DISMISSED** with prejudice.
4. The Clerk be directed to terminate any pending motions and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on January 17, 2024.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days after being served with this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable John L. Badalamenti
Counsel of Record